[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE FEES AND COSTS
In this post-trial motion, the plaintiff seeks to recover attorney fees and expenses incurred in prosecuting his successful CT Page 9184 appeal of a decision of the defendant state plumbing and piping work examining board. The plaintiff's motion is based on the provisions of General Statutes § 4-184a.
The facts necessary to the court's decision on the plaintiff's motion are undisputed and fully set out in this court's earlier decision in the case filed May 3, 1996.
In summary, the plaintiff holds a plumbing license issued by the board and is subject to the board's general regulatory jurisdiction. The board held a hearing on the complaint of one of the plaintiff's customers, Donald R. Ross, alleging malpractice in work performed for him by the plaintiff, as well as some other charges.
The plaintiff retained an expert to assist in his defense against the complaint and to testify in his behalf at the hearing. Prior to the hearing, the plaintiff requested that his expert be permitted to inspect the plumbing and piping work that was the subject of Ross's complaint. This would necessarily have required the expert to make a physical inspection of Ross's property. Ross refused permission, and the plaintiff's expert was never able to inspect the plaintiff's work. Furthermore, no one from the board ever inspected the repairs.
Following the hearing and a report by the designated hearing officer, the board rendered its final decision. The board found that the plaintiff was guilty of malpractice in performing the repairs for Ross, that he was guilty of unethical conduct in charging for materials, and that he was guilty of violating the law requiring the display of his license number. The board imposed a civil fine for each of the violations and issued a reprimand.
On appeal, the plaintiff claimed, inter alia, that the board should not have determined that he was guilty of malpractice in the work performed on Ross's plumbing because his expert was denied the opportunity to inspect that work and testify at the hearing concerning his findings. He argued that the board, in effect, unfairly deprived him of the right to present relevant and material evidence at the hearing.
This court agreed that the board violated the plaintiff's right to present evidence under General Statutes §§ 4-177c and 178 and rights to due process under the federal and state CT Page 9185 constitutions. The court sustained the appeal as to the malpractice charges and remanded the case to the board for appropriate modification of the penalty it had imposed.
General Statutes § 4-184a(b) provides that this court "may, in its discretion, award to the prevailing party . . . reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." There is no question that the plaintiff is the "prevailing party" in the administrative appeal. The court reversed the board's original decision and remanded the case, ordering the board to reduce the penalty it had imposed. In deciding whether to award fees and expenses pursuant to the statute, therefore, the critical issue is whether the action of the board in imposing the penalties on the malpractice charges was "undertaken without any substantial justification."
In Labenski v. Goldberg, 41 Conn. App. 866 (1996), the court considered the meaning of the phrase "substantial justification," as used in § 4-184a(b). The court noted with approval the definition adopted by the U.S. Supreme Court of the phrase "substantially justified" as meaning "justified to a degree that could satisfy a reasonable person" or as having "a reasonable basis both in law and fact." Id., 872, citing Pierce v.Underwood, 487 U.S. 522, 565 (1988). The converse, for purposes of interpreting § 4-184a(b), is that an agency decision is without "substantial justification" if it has no reasonable basis in law or fact.
In the present case, "the action of the agency" that is presently under review by the court was the board's proceeding with and rendering a decision on the malpractice complaint without relevant and material evidence from the plaintiff and despite the plaintiff's desire and readiness to obtain and present that evidence. It was that action which led the court to sustain the plaintiff's appeal. The question before the court is whether that action was "undertaken without any substantial justification," as that phrase is used in the statute.
General Statutes § 4-177c(b) provides that a party to an agency proceeding has the right "to present evidence and argument on all issues involved." See also Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536 (1987), cited by this court in its earlier decision. Section 4-177b provides that the CT Page 9186 agency has the authority to compel by subpoena the production of relevant physical evidence. The board thus had the duty to permit the plaintiff to present the evidence. The board also had the authority to compel the complainant to produce the evidence; that is, to compel the complainant to allow the plaintiff's expert reasonable access to the property to make an inspection of the repairs. The board also had the power to enforce an appropriate order to the complainant, either by applying to the court for assistance under § 4-177b or by dismissing the counts of the complaint relating to the performance of the repairs. The board did none of the above.
In its memorandum of law in opposition to the plaintiff's motion for fees and costs, the board does not offer any justification for its action. Rather, the board merely argues that there was substantial evidence to support its decision penalizing the plaintiff for the malpractice. This argument misses the point. The evidence on which the board based its decision might not have proved to be so substantial if the plaintiff's expert had been allowed to inspect the repairs and report his findings at the hearing. The action of the board that is in question, therefore, as noted above, is its decision to proceed on the malpractice complaint despite the complainant's refusal to allow the plaintiff the opportunity to obtain evidence in his defense. The board suggests no justification in law or fact for that.
Although the plaintiff has demonstrated that the action the agency took against him lacked any substantial justification, his motion, in its present form, does not adequately substantiate his eligibility under § 4-184a. That statute authorizes an award only to individuals or businesses who meet the definition of "person" in subsection (a)(1). Furthermore, the plaintiff must establish by affidavit the amount of fees and costs that he actually incurred and paid in opposing the board.
The plaintiff's motion is denied, without prejudice, however, to his right to submit a new motion with affidavits or other proof of his eligibility under the statute.
MALONEY, J.